

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
United States Attorney
Northern District of West Virginia

217 West King Street
Suite 400
Martinsburg, WV 25401

Phone: (304) 262-0590
Fax:   (304) 262-0591

September 2, 2010

FILED

SEP 1 5 2010

U.S. DISTRICT COURT
MARTINSBURG, WV 25401

Lary D. Garrett, Esq.
P.O. Box 510
Moorefield, WV 26836

Re:   United States v. Jokari Lee Barnett
      Criminal No.  3:10CR5-001

Dear Mr. Garrett:

This will confirm conversations with you concerning your client, Jokari Lee Barnett (hereinafter referred to as Defendant).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Defendant will plead guilty to Count 3 of the above Indictment charging him with the distribution of approximately 26.52 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(a)(1).

2.      The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is: not less than five (5) years, nor more than forty (40) years incarceration, a fine of up to $2,000,000 and a term of supervised release of at least four (4) years pursuant to Title 21, United States Code, Section 841(b)(1)(B) and a special mandatory assessment of $100.00 (18 USC 3013) **which must be paid within 40 days following the entry of his plea** by money order or certified check, made payable to the United States District Court.  If Defendant has one or more prior felony drug convictions, the maximum penalty will be not less than ten (10) years,

Jokari Lee Barnett, Defendant

9-10-10
Date Signed

Lary D. Garrett, Esq.
Counsel for Jokari Lee Barnett

9-10-10
Date Signed

Lary D. Garrett, Esq.
September 2, 2010
Page 2

nor more than life, a fine of up to $4,000,000 and at term of supervised release of at least eight (8) years.  It is also understood that Defendant might be required by the Court to pay the costs of his incarceration, supervised release or probation (18 USC 3572(a)(6)).

    3.    Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

    4.    A. Nothing contained in any statement or any testimony given by Defendant pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution.  It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

    B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

    C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

    5.    At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.  The United States will move that the remaining counts of the Indictment be dismissed as to Defendant.

    6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be.  This agreement includes a non-binding recommendation by the United States, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure; however, Defendant understands that the Court is **not** bound by this sentence

_Jokari Barnett_
Jokari Lee Barnett, Defendant

_Lary D. Garrett_
Lary D. Garrett, Esq.
Counsel for Jokari Lee Barnett

_9-10-10_
Date Signed

_9-10-10_
Date Signed

Lary D. Garrett, Esq.
September 2, 2010
Page 3

recommendations, and that Defendant has **no** right to withdraw his guilty plea if the Court does not follow the sentencing recommendation set forth in this plea agreement.

7.      Contingent upon Defendant's payment of the $100.00 special assessment fee **within 40 days following the entry of his plea**, the United States will make the following non-binding recommendation:

A.  If in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation; and,

B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation and Defendant's offense level is 16 or greater, **and** if he complies with all the requirements of this agreement, the United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before Thursday, September 9, 2010, at 12:00 p.m., and returns an executed copy to the United States by that day; and,

C.  The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

8.      If in the opinion of the United States, Defendant either engages in conduct defined under the Application Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment within 40 days following the entry of his plea**, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.      Pursuant to Sections 6B1.4, 1B1.3 and 2D1.1 [Application Note 12] of the Guidelines, the parties stipulate and agree that the total drug relevant conduct of Defendant with regard to the Indictment is **768 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack."** The parties further stipulate that defendant's criminal conduct as charged in Count 3 of the above-indictment would constitute relevant conduct as to Second Superseding Indictment No. CCB-09-0024, returned the District of Maryland. The

_____          _____
Jokari Lee Barnett, Defendant                              Date Signed
                                                                        9-10-10

_____          _____
Lary D. Garrett, Esq.                                          Date Signed
Counsel for Jokari Lee Barnett                           9-10-10

Lary D. Garrett, Esq.
September 2, 2010
Page 4

United States would not oppose the sentence imposed here to run concurrently with the sentence imposed as to Second Superseding Indictment No. CCB-09-0024 in the District of Maryland. Defendant understands that pursuant to Section 6B1.4(d), the Court is **not** bound by the above stipulation and is **not** required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will **not** have the right to withdraw his plea.

10.     Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

11.     Defendant waives any right he may have to ask the Court for any departures pursuant to any section found in the Sentencing Guidelines.

12.     Defendant hereby authorizes the Financial Litigation Unit in the United States Attorney's Office for the Northern District of West Virginia to access his credit report from any major credit reporting agency, in order to assess his financial condition for sentencing purposes.

13.     Defendant understands that there are items of physical evidence in the United States' possession which could be subjected to DNA testing. Defendant knowingly and voluntarily waives his right to request DNA testing both now and after conviction. Defendant has fully discussed the significance of DNA testing with his attorney, and is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

14.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to

_____          9-10-10
Jokari Lee Barnett, Defendant                  Date Signed

_____          9-10-10
Lary D. Garrett, Esq.                              Date Signed
Counsel for Jokari Lee Barnett

Lary D. Garrett, Esq.
September 2, 2010
Page 5

Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation relevant information including, but not limited to Defendant's background, criminal record, the offense or offenses charged in the Indictment and any other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

15.     If Defendant's plea is not accepted by the Court or is later set aside or if Defendant breaches any part of this agreement, then the United States Attorney's Office will have the right to void this agreement.

16.     The above fifteen (15) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this agreement**.

Very truly yours,

WILLIAM J. IHLENFELD, II
UNITED STATES ATTORNEY

By: _____
Thomas O. Mucklow
Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision. I also understand that this agreement shall not be a firm offer and acceptance until signed by the United States Attorney or authorized designee.

_____        9-10-10
Jokari Lee Barnett, Defendant             Date Signed

_____        9-10-10
Lary D. Garrett, Esq.                      Date Signed
Counsel for Jokari Lee Barnett