**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                              **CRIMINAL ACTION NO.: 3:10-CR-5-1
(GROH)**

**JOKARI LEE BARNETT,**

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Now before this Court is a letter drafted by the Defendant and addressed to the Clerk of Court, which the Court construes as a Motion to Correct Presentence Investigation Report and to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). ECF 113. For the following reasons the Court **DENIES** the Defendant's motion.

The Defendant argues that he is entitled to receive the benefit of a 2014 revision of the Drug Quantity Table of section 2D1.1 of the United States Sentencing Guidelines, provided by Sentencing Guidelines Amendment 782. Pursuant to 18 U.S.C. § 3582(c)(2), a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they

are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. See United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)). Despite the fact that the appointment of counsel is not required, the Defendant's interests are represented by the Federal Public Defender, who reviewed this case on the Defendant's behalf. In addition, at this Court's request, the United States Probation Office has reviewed the Defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and has calculated the Defendant's amended guideline range.

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected." United States v. Gilliam, 513 F. Supp. 2d 594, 597 (W.D. Va. 2007) (citing USSG § 1B1.10); see also Dillon v. United States, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In this case, the Defendant's sentencing judge found a base offense level of 32, plus 2 levels for obstruction of justice, for a total offense level of 34. With a criminal history category of III, the guidelines provided a sentencing range of 188-235 months. The judge imposed a variant sentence below the guideline range, sentencing the Defendant to 132 months.

Under the Amendment 782 guideline calculations, applying a base offense level of 30, plus 2 levels for obstruction of justice, results in a total offense level of 32. With a criminal history category of III, the guidelines provide a sentencing range of 151 to 188 months. Pursuant to section 1B1.10(b)(2)(A) of the United States Sentencing Guidelines, the Court shall not reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range. Here, the Defendant is serving a 132-month sentence. Accordingly, the Court cannot reduce the Defendant's sentence, as his sentence is already less than the 151-month minimum of the amended guideline range.

In his motion, the Defendant takes issue with the information contained in his presentence investigation report ("PSR"), which was prepared by the United States Probation Office and was adopted without change by the Court. The PSR provides, in part, that the Defendant's "minimum term of imprisonment is 10 years." The Defendant argues that he should not be barred from receiving an Amendment 782 reduction, because his sentencing judge did not sentence him to a mandatory minimum sentence. Indeed, in two orders entered in August of 2012, the Defendant's sentencing judge stated that the "mandatory minimum played no role in this defendant's sentence" because the Defendant was sentenced to a 132-month sentence upon consideration of all factors set forth in 18 U.S.C. § 3553. See ECF Nos. 91, 95.

The Defendant's argument assumes that he is ineligible for a sentence reduction under § 3582(c)(2) only because the PSR references the applicability of a mandatory minimum sentence. As provided above, that is not the case. Furthermore, "[a] defendant's Presentence Investigation Report is meant to be accurate at the time a defendant is

3

sentenced." United States v. Starr, Criminal Action No. 6:00-CR-00113-05, 2003 WL 23525359, at *1 (S.D.W. Va. June 13, 2003), aff'd per curiam, 76 F. App'x 504 (4th Cir. 2003). There is no indication that the information contained in the PSR was not accurate at the time the Defendant was sentenced. Prior to being sentenced, the Defendant objected to several portions of the PSR. The sentencing Court, upon considering the objections and the responses of the Probation Office and the Government, adopted the PSR without change.

Accordingly, the Court **ORDERS** that the Defendant's Motion to Correct Presentence Investigation Report and to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), [ECF 113], is hereby **DENIED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein, to the United States Probation Office for the Northern District of West Virginia and to the Defendant at his last known address as shown on the docket sheet.

**DATED:** June 23, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE